IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO S. LESTER<br>17204 Mapleboro Avenue<br>Maple Heights, Ohio 44137<br><br>        Plaintiff<br><br>vs.<br><br>HILLCREST EGG & CHEESE CO.<br>c/o 1600 CNB CORP., Statutory Agent<br>1375 East Ninth St., 29th Floor<br>Cleveland, Ohio 44114<br><br>        Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

Now comes Plaintiff, Mario S. Lester, by and through undersigned counsel, and alleges as follows:

## **PARTIES**

1. Defendant Hillcrest Egg & Cheese Co. ("Hillcrest") is an Ohio for profit corporation that does business in the Northern District of Ohio.

2. Plaintiff currently resides in Maple Heights, Ohio and was at all relevant times employed by Defendant as a delivery driver.

3. Plaintiff was an employee of Defendant as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1) and (g).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant is doing business in Cuyahoga County, Ohio, its principal place of business is located at 2735 East 40th Street, Cleveland, OH 44115, and the causes of action alleged herein arise from Defendant's activities in this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

7. Defendant is a food distribution services company.

8. Defendant's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

9. At all times material to this action, Defendant was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce as defined by §§ 203(b) and (s)(1)(A) of the FLSA.

10. Defendant employed Plaintiff as a delivery driver on a piece rate basis.

11. For at least three years prior to filing this Complaint, Plaintiff worked more than 40 hours per week for which Defendant failed to pay him overtime in violation of the FLSA.

12. Defendant had a policy of not paying Plaintiff at a rate of one and one-half (1.5) times his regular rate of pay for the overtime hours he worked as required by the FLSA.

13. Defendant was or should have been aware that Plaintiff performed work that required proper payment of overtime compensation.

14. Defendant required Plaintiff to record and submit records of his work hours.

15. Defendant knew that Plaintiff worked overtime hours without receiving proper overtime pay.

16. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## COUNT ONE

### Violation of the Fair Labor Standards Act

17. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

18. At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

19. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

20. The provisions set forth in § 207 of the FLSA applied to Defendant and Plaintiff while he was employed by Defendant.

21. At all times relevant to this action, Defendant employed Plaintiff in a non-supervisory non-exempt position.

22. Defendant intentionally failed to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours at a rate not less than one and one-half times the "regular rate" at which they are employed.

23. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay § 207 of the FLSA requires.

24. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff suffered damages by failing to receive the compensation to which he was entitled pursuant to § 207 of the FLSA.

25. Defendant did not make a good faith effort to comply with the FLSA.

26. In addition to the amount of unpaid wages and benefits owing to Plaintiff he is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b).

27. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Ohio Minimum Fair Wage Standards Act

28. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff brings this claim to recover unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, §§ 4111.03 and 4111.10.

30. The acts about which Plaintiff complains are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.03 of the Ohio Revised Code.

## COUNT THREE

### Workers' Compensation Retaliation

31. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

32. Plaintiff suffered a workplace injury on or about November 17, 2017 (hereinafter referred to as "July 2017 OJI") and reported his workplace to Defendant.

33. Plaintiff filed a claim for worker's compensation benefits.

34. Defendant terminated Plaintiff's employment on or about November 24, 2017.

35. Plaintiff suffered an adverse employment action in contravention of Ohio Revised Code §4123.90.

36. Plaintiff satisfied all notice requirements set forth in Ohio Revised Code §4123.90.

37. Defendant terminated Plaintiff's employment in violation of Ohio Revised Code §4123.90, which prohibits employers from retaliating against employees who file a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment.

38. Defendant acted with malice in doing so in that it consciously disregarded Plaintiff's rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. On Count One, pursuant to § 216(b) of the FLSA:

1. That Plaintiff be awarded damages in the amount of his unpaid compensation and benefits, plus an equal amount of liquidated damages;

2. That Plaintiff's reasonable attorney's fees and the costs and expenses of this action be paid and/or reimbursed by Defendant; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

B. On Count Two:

    1. That Plaintiff be awarded the amount of his unpaid compensation and benefits, and prejudgment interest;

    2. That Plaintiff's reasonable attorney's fees and the costs and expenses of this action be paid and/or reimbursed by Defendant; and

    3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

C. On Count Three:

    1. An award of lost wages from the date of termination to the date of judgment plus reasonable attorney fees, costs and expenses; and

    2. Such other legal and equitable relief including, but not limited to, punitive damages and any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

*/s/ David W. Neel*
David W. Neel (0033611)